E. CHARLES ALTSHUL, PLAINTIFF-RESPONDENT, v. THE
ASTOR COAL DISTRIBUTORS, INC., A CORPORATION
OF NEW JERSEY, DOMINICK DiBELLO AND CHARLES
L. MAXEY, Jr., JOINTLY, SEVERALLY OR IN THE AL-
TERNATIVE, DEFENDANTS; CHARLES L. MAXEY, Jr.,
DEFENDANT-APPELLANT.

Argued May 24, 1940—Decided December 12, 1940.

For the respondent, *Morris M. Krams* (*Maurice C. Briga-
dier,* of counsel).

For the appellant, *Robert S. Hartgrove.*

The opinion of the court was delivered by

RAFFERTY, J.  This appeal is from a judgment of the
Supreme Court, Hudson Circuit, entered upon a stipulation
of facts based upon the pleadings and a contract of guaranty.

The joint answer and counter-claim of defendants to the
complaint as filed was struck on motion of plaintiff below but
defendant Maxey was permitted to amend his answer "to the
extent of the single affirmative defense, based upon the plain-
tiff's breach of the contract of guaranty, through his sale of

coal on credit to the defendant, The Astor Coal Distributors, Inc., a corporation of New Jersey, with leave to the said Charles L. Maxey, Jr., to recover any damages occasioned him by reason of said breach."

The Astor Coal Distributors, Inc., hereinafter referred to as Astor, and DiBello, have done nothing further about the case. Judgment on default was not taken against them. Thereafter, plaintiff, Altshul, and defendant Maxey entered into a stipulation wherein it was agreed that a specified amount was due and owing by defendant to plaintiff under the fifth count of the complaint. It was further stipulated that the contract annexed thereto was the original contract entered into; that the plaintiff sold and delivered other coal on credit to the principal debtor, Astor, upon which a specified balance was due; that Astor ordered the coal in a writing signed by DiBello and Maxey; that if the court shall find that under the contract the plaintiff was not permitted to sell coal on credit to the principal debtor, Astor, the defendant Maxey is not liable for this amount, but if the court shall find in construing the contract that plaintiff did have the right to sell coal to Astor on credit, then plaintiff is entitled to judgment in a specified sum. Upon the pleadings, the stipulation and the contract, the court found that plaintiff did have the right to sell coal to Astor on credit, and found a verdict in favor of Altshul against Maxey in the stipulated sum. Judgment having been so entered, Maxey appeals therefrom and sets forth in his grounds of appeal essentially that respondent breached the contract of guaranty by a sale of coal to Astor on credit; that this alleged breach increased the risks of appellant as guarantor; that the construction of the contract by the court below violated the expressed intention of the parties to the contract and was predicated upon unwarranted implications. These appear to be based on the provision in the contract wherein it was agreed that coal and coke purchased by Altshul for the account of Astor shall be the property of Altshul until paid for by Astor.

It is immediately apparent from the contract that the parties intended that Altshul would extend credit to Astor. Altshul agreed to "purchase coal for this company (Astor) of

various qualities and prices not to exceed the sum of Two Thousand ($2,000) Dollars on the unpaid balance." Further, it is provided, "if this company (Astor) pays for said invoice within 30 days it shall be entitled" to certain discounts. That the parties contemplated the existence of an "unpaid balance" can certainly mean nothing other than the extension of credit to Astor. So also as to the right to discount. It is expressly manifest in the provision, "Should, in the opinion of E. Charles Altshul, the credit of The Astor Coal Distributors, Inc., Dominick DiBello or Charles L. Maxey, Jr., be impaired at any time, he reserves the right to immediately stop making further advances or purchases of coal." The provision in the contract for reservation of title to the coal in Altshul until paid for by Astor clearly involves the idea of payment on a date subsequent to delivery and, hence, credit. In the last paragraph of the contract DiBello and Maxey "personally guarantee unconditionally the payment of any and all bills under the above agreement." The payment of bills, here guaranteed, can be none other than bills of Altshul to Astor for coal delivered under the contract and on credit. It is inescapable that the agreement did contemplate the extension of credit by Altshul to Astor and the trial court properly so found.

It is argued in the brief also, *inter alia,* that the judgment against Maxey alone is erroneous because Altshul could not, after the entry of judgment against Maxey, proceed against Astor or DiBello, and, therefore, Maxey is deprived of any remedy by way of subrogation.

The grounds of appeal filed herein and the arguments in the brief quite overlook the fact that in the stipulation a single question was submitted to the court for determination and upon that question being resolved by the court the parties agreed quite plainly that judgment should be one way or the other as to Maxey. The stipulation had no reference to the other defendants. The court having decided the matter upon the pleadings and the contract, and in accordance with the stipulation, the parties are bound thereby. *Bernstein & Loubet, Inc.,* v. *Minkin,* 118 *N. J. L.* 203. That appellant might be disappointed in the result or that respondent did not also enter judgment against the other parties defendant, or

that appellant might now find himself without recourse against the other parties defendant are not appealable matters and are not here considered. It is the judgment of the court that is to be appealed from and not its consequences.

Notwithstanding, the appeal must be dismissed for the obvious reason that final judgment as to all of the parties has not yet been entered. *Warren Balderston Co.* v. *Harry S. Ivory et ux.*, 125 *N. J. L.* 469.

.The appeal is dismissed.

*For affirmance*—HEHER, PERSKIE, JJ. 2.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, PORTER, DEAR, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 11.